**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANDREAS VON DER AU, | § | |
| *Plaintiff* | § | |
| | § | SA-20-CV-00360-XR |
| -vs- | § | |
| | § | |
| MICHAEL G. IMBER, ARCHITECT, | § | |
| PLLC, | § | |
| *Defendant* | § | |

## ORDER

On this day, the Court considered Plaintiff Andres Von Der Au's motion for partial summary judgment against Defendant Michael G. Imber, Architect, PLLC. The Court considered Plaintiff's motion (ECF No. 23), Defendant's response (ECF No. 24), and Plaintiff's reply (ECF No. 25). After careful consideration, the Court issues the following Order.

## BACKGROUND

Plaintiff brings this action under Section 501 of the Copyright Act. Plaintiff is a professional photographer who licenses his photographs for a fee. ECF No. 1 ¶ 5. On July 21, 2013, Plaintiff photographed the Semperoper, a famous opera house in Dresden, Germany (the "Photograph"). ECF No. 23 Ex. A. Plaintiff registered the Photograph with the United States Copyright Office under registration number VA 2-195-723. ECF No. 1 ¶ 9.

Defendant is a professional limited liability company that owns and operates a website at the URL www.MichaelGImberBlog.com (the "Website"). On October 19, 2018, Defendant published a blog post on the Website entitled "Reconstructing Beauty," which features a full-color reproduction of the Photograph. ECF No. 23 Ex. E. The post does not attribute ownership of the Photograph to Plaintiff, and Plaintiff did not give permission to publish the Photograph.

On March 21, 2020, Plaintiff filed his original Complaint asserting a claim of copyright infringement. ECF No. 1. Over the course of the next year, the parties engaged in minimal discovery due to the limited nature of the damages sought. ECF No. 24 at 1. The value of a license to use the Photograph is approximately $900. ECF No. 24-1 Ex. A.

## DISCUSSION

### I.    Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.

1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.    Analysis

Plaintiff moves for summary judgment solely on the issue of liability against Defendant on Plaintiff's copyright infringement claim. "To prove copyright infringement a party must show that (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). Each element is discussed in turn.

### A.  Ownership of a Valid Copyright

"Ownership of a valid copyright is established by showing registration with the United States Copyright Office . . . and originality." *DCA Design v. Bellavida Custom Homes LLC*, CV H-17-3314, 2018 WL 8755529, at *3 (S.D. Tex. Dec. 5, 2018) (citing *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-03181, 2010 WL 4366990, at *24 (S.D. Tex. Oct. 27, 2010)). Plaintiff offers as proof of the first element a certificate of copyright from the U.S. Register of Copyrights. ECF No. 23-2 Ex. C. He argues that this certificate should be construed as *prima facie* evidence of both ownership of copyright and originality. ECF No. 23-1 at 8. Federal statute provides that "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright." 17 U.S.C. § 410(c). The "weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." *Id*. Plaintiff obtained his certificate on February 11, 2020—more than six years after the date of first publication on July 21, 2013. ECF No. 23-2 Ex. C; Au Decl. ¶¶ 4, 9. Thus, the weight to be accorded the certificate of registration is within this Court's discretion.

That Plaintiff obtained the certificate of registration more than five years after the date of first publication does not necessarily preclude a finding of liability on a motion for summary judgment. In *DCA Design*, the plaintiff sued a group of defendants alleging infringement of the plaintiff's architectural plans. 2018 WL 8755529, at *1. The defendants argued that the court should not afford weight to the plaintiff's certificate because it was made more than five years after first publication. However, the court found that the certificate and the sworn declaration of the individual who created the architectural plans at issue, taken together, showed that the work was original and expressed a degree of creativity sufficient to establish the plaintiff's ownership

4

of a valid copyright. *Id*. at *3. Finding that the defendant presented no evidence showing that the architectural plans were copied or otherwise not created by the declarant, the court granted summary judgment as to the ownership of a valid copyright. *Id*.

*Preston Wood & Associates, LLC v. RZ Enterprises USA, Inc.* likewise involved a plaintiff seeking to enforce a copyright on architectural plans. No. CV H-16-1427, 2018 WL 2722328, at *1 (S.D. Tex. June 6, 2018). The plaintiff presented for the court's consideration a certificate of registration of copyright in the disputed work and evidence that the defendants acknowledged in a separate contract that the plaintiff owned a valid copyright in the work. *Id*. at *3. The defendants presented no evidence regarding the lack of originality or that otherwise challenged the validity of the copyright, and the court granted summary judgment in the plaintiff's favor. *Id*.

These cases suggest that summary judgment may be proper where the plaintiff proffers a certificate of registration of copyright in the disputed works and at least one other piece of evidence supporting the validity of the copyright. Even where the certificate of registration is not entitled to the statutory presumption of validity, such evidence may be sufficient if the defendant has offered no evidence to challenge its validity.

Defendant cites *Windsor v. Olson* for the proposition that Plaintiff is not entitled to the presumption of validity of the copyright. That case involved alleged copyright infringement of the plaintiff's anti-aging and wellness products. *Windsor v. Olson*, No. 3:16-CV-934-L, 2019 WL 2080021, at *1 (N.D. Tex. May 10, 2019). The plaintiff presented an application for a certificate of registration that was filed more than five years after the date of first publication. *Id*. at *4. The plaintiff was unable to produce any evidence that the application was ever granted. *Id*. The court held that the plaintiff's failure to produce evidence that it had received a supplementary registration "effectively deprive[d] him of the benefit of the rebuttable presumption of *prima facie* validity

under 17 U.S.C. § 410(c)." *Id.* The plaintiff therefore bore "the burden of establishing that he ha[d] a valid copyright . . . which is shown 'by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities.'" *Id.* at *5 (citing *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994), *opinion supplemented on denial of reh'g*, 46 F.3d 408 (5th Cir. 1995)).

*Windsor* is inapposite. In that case, the plaintiff did not have a certificate of registration and was only able to proffer an application therefor. The court found that the plaintiff presented no evidence rebutting the defendant's argument that the plaintiff must prove originality and copyrightability through other means. Not so here. This case is more akin to *DCA Design*. Here, Plaintiff has presented a valid certificate of registration of the copyright, not merely an application. *See* ECF No. 23-2 Ex. C. Plaintiff also submitted a declaration under penalty of perjury attesting that he is the author of the Photograph and that he had the work registered the United States Copyright Office. Au Decl. ¶¶ 4, 8, 9; *see also* Halperin Decl. ¶¶ 6–8. Defendant has presented no evidence rebutting the validity of the certificate of registration. There being no genuine issue of material fact, the Court finds that the certificate of registration and the Au and Halperin declarations, taken together, establish Plaintiff's ownership of a valid copyright in the Photograph.

### B. Infringement

Plaintiff must next prove that "the defendant copied constituent elements of the plaintiff's work that are original." *Baisden*, 693 F.3d at 499. "A defendant unlawfully copies if it uses protected elements of a work and there is a substantial similarity between the protected work and the allegedly infringing work." *S. Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780, 784 (5th Cir. 2020) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003)). The Fifth Circuit has instructed:

Determining whether two works are substantially similar usually requires a side-by-side comparison to identify whether the protected elements and elements in the allegedly infringing work are so alike that a layperson would view the two works as substantially similar. But such an element-by-element comparison is unnecessary when the allegedly infringing work extensively copies the protected material verbatim, such that protected elements of the original work are necessarily incorporated into the latter work.

*Id.* (internal citations omitted).

Here, Plaintiff argues that there is no material dispute whether Defendant copied the Photograph—they are the same image. ECF No. 23-1 at 11. A plain examination of the Photograph and the image used on the Website reveals that they are in fact the same picture:

The Original                                 The Alleged Infringement

 

*See* ECF No. 23-3 Exs. A, E.

Defendant argues that its use of the Photograph constitutes fair use. ECF No. 24 at 4 (citing 17 U.S.C. § 107; *Katz v. Google Inc*., 802 F.3d 1178, 1181 (11th Cir. 2015)). The affirmative defense of fair use requires the Court to examine:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

First, the Court considers the purpose and character of the use. Defendant argues that the Website on which it published the Photograph is an educational blog, and so this first factor should weigh in favor of fair use. ECF No. 24 at 4–5. Plaintiff responds that in order to not be considered "commercial," the Defendant's use of the Photograph must be "transformative" in some way. But here, the Defendant merely describes the subject matter depicted in the Photograph with no transformative effect. ECF No. 25 at 6.

The parties miss the issue. The Supreme Court has noted that "[t]he crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." *Harper & Row, Publishers, Inc. v. Nation Enters*., 471 U.S. 539, 562 (1985). Here, Defendant asserts that the Website, www.michaelgimberblog.com, is intended to be used for educational purposes, while the Defendant promotes its architectural services at a separate website, www.michaelgimber.com. Imber Decl. ¶¶ 2, 4. Even though the Defendant did not produce the Photograph for individual sale or profit, it surely stood to profit indirectly from the publicity gained by publication of a blog that used the Photograph. That is, increased patronage of the blog is likely good for Defendant's for-profit business, and the use of the Photograph is likely intended to increase web traffic to the blog. Such use is commercial in character. *Accord Compaq Comput. Corp. v. Ergonome Inc*., 387 F.3d 403, 409 (5th Cir. 2004). The first factor weighs against a finding of fair use.

Second, the Court considers the nature of the work. "Creative or fictional works receive more protection than non-fictional or factual works." *Interplan Architects, Inc.*, 2010 WL 4366990, at *44 (internal citation omitted). Courts have held that "photographic images of actual people, places and events may be as creative and deserving of protection as purely fanciful

creations." *Monster Commc'ns, Inc. v. Turner Broad. Sys., Inc*., 935 F. Supp. 490, 493 (S.D.N.Y. 1996). The Court finds that there is no genuine dispute that the Photograph constitutes a creative work. This factor weighs against a finding of fair use.

Third, the Court considers the amount and substantiality of the portion used in relation to the copyrighted work as a whole. As shown above, the Defendant published the entirety of the Photograph to the Website. This factor weighs against a finding of fair use.

Fourth, the Court considers the effect of the use upon the potential market for or value of the copyrighted work. "Commercial use is presumed to harm the potential market for or value of the copyrighted work." *DCA Design*, 2018 WL 8755529, at \*6 (citing *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984)). As discussed, the purpose and character of the use is commercial, and is thus presumed to harm the potential market for or value of the Photograph. Defendant proffers no evidence that the market for or value of the work would not be affected by the use.

Additionally, this factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market' for the original." *Campbell v. Acuff-Rose Music, Inc*., 510 U.S. 569, 590 (1994) (citing Nimmer § 13.05[A] [4], p. 13–102.61). Here, the market for the Photograph would be all but destroyed if publications were permitted to publish the Photograph without paying a licensing fee. The Court finds that this fourth factor weighs against a finding of fair use.

In sum, all four factors weigh against a finding of fair use. The Defendant's affirmative defense of fair use is dismissed as a matter of law. There being no genuine issue of material fact

and no pending affirmative defense as to this element, the Court holds that the Defendant copied constituent elements of the Plaintiff's work that are original.

## **CONCLUSION**

For the reasons stated herein, the Court concludes that Plaintiff has met his burden of establishing that there is no genuine issue of material fact concerning his ownership of a valid copyright and the Defendant's infringement thereof. Accordingly, Plaintiff's motion for summary judgment (ECF No. 23) is **GRANTED.** The parties are **ORDERED** to meet and confer in order to determine whether an agreement can be reached on the issue of damages, with the Defendant retaining the right to appeal the Court's ruling on infringement and fair use. If an agreement cannot be reached, the Plaintiff should either file a motion for summary judgment on the issue of damages or advise the Court whether a trial is necessary on that issue.

It is so **ORDERED**.

**SIGNED** this 24th day of March, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE